**UNITED STATES of America**
**v.**
**Arthur HALL and Ellis Knight**
**Ellis Knight, Appellant.**
**No. 17960.**

United States Court of Appeals,
Third Circuit.

Argued Jan. 12, 1971.

Decided Feb. 4, 1971.

Neil F. Deighan, Jr., Kisselman, Devine, Deighan & Montano, Camden, N. J., for appellant.

Rene Hollyer, Asst. U. S. Atty., Newark, N. J., (Frederick B. Lacey, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before SEITZ and VAN DUSEN, Circuit Judges and MASTERSON, District Judge.

## OPINION OF THE COURT

PER CURIAM:

Defendant Ellis Knight appeals his conviction by a jury of assault with a dangerous weapon upon a federal narcotics agent (18 U.S.C. § 111) and of the theft of Government funds from the same agent (18 U.S.C. § 641).

Defendant first contends that he was prejudiced by certain testimony elicited from the federal agent, John Coleman, by counsel for his co-defendant. In substance, Coleman testified that he had identified defendant before trial from a random selection of photographs of people with whom the Bureau of Narcotics regularly came in contact during its investigation of narcotics offenses. No objection was made at trial and, under the circumstances of this case, the admission of Coleman's testimony cannot be characterized as plain error. See United States v. Dichiarinte, 385 F.2d 333, 337 (7th Cir. 1967), cert. denied sub nom., Mastro v. United States, 390 U.S. 945, 88 S.Ct. 1029, 19 L.Ed.2d 1133 (1968).

Defendant's second claim, asserted now for the first time, that the district court erred in failing to instruct the jury on the issue of mistaken identity is likewise without merit.

We also find wholly without merit defendant's third contention—not made at trial—that there was insufficient evidence and an inadequate charge on the issue of whether Coleman was engaged in the performance of his official duties at the time of the assault.

Finally, defendant attacks the propriety of Coleman's pretrial photographic identification of him and contends that the agent's in-court identification was tainted by that impropriety. Although defendant contends that the Narcotics Bureau "mug shot" did not show him dressed like Coleman's assailant and did not reflect his "total personality," he presents no evidence to indicate that the "photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed. 2d 1247 (1968). Additionally, he argues that, since he had been preliminarily identified by an eyewitness to the assault who knew him, the Government violated his Due Process and Sixth Amendment rights by showing Coleman photographs instead of taking the defendant into custody and requiring the agent to identify him under the more reliable conditions of a lineup. Conceding that this would have been the ideal procedure, we nevertheless think the Supreme Court has already implied that the substitution of lineups for photographic procedures is neither constitutionally required nor mandated under our supervisory power. Simmons v. United States, *supra* at 385, 386 & n. 6, 88 S.Ct. 967; cf. United States v. Zeiler, 427 F.2d 1305 (3rd Cir. 1970). We therefore conclude that defendant was not prejudiced by the identification procedures which were used in this case.

The judgment of the district court will be affirmed.