**UNITED STATES of America**

v.

**Joseph Edward HILL, Appellant.**

**No. 19555.**

United States Court of Appeals,
Third Circuit.

Submitted Sept. 21, 1971.

Decided Oct. 18, 1971.

Francis P. Massco, Bowser & Massco,
Pittsburgh, Pa., for appellant.

Richard L. Thornburgh, U. S. Atty.,
Henry G. Barr, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before VAN DUSEN, ALDISERT and
GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This appeal challenges a November 9, 1970, judgment of conviction entered after a jury verdict finding defendant guilty of the armed robbery of a Pittsburgh bank at approximately 3:15 P.M. on the afternoon of December 24, 1969. Neither of the two black males who robbed the bank wore masks nor did anything to hide or cover their faces. Defendant had requested a countercheck from one of the teller-witnesses on December 23, 1969, at which time he remained in the bank for about 10 minutes, indicating that he would be back tomorrow (N.T. 34–35, 104). Between 1:00 and 1:30 P.M. on December 24, he opened a savings account with the same teller in the name of Richard Hopkins, staying in the bank about 15 minutes at that time.[1] Two hours later he returned with a companion and robbed the bank.[2] The above-mentioned bank teller recognized defendant on the street on December 31 and notified a police officer, who arrested him. Four bank employees identified defendant at the trial as one of the robbers.

Relying on alibi testimony of defendant's witnesses, defendant contends that the verdict was against the weight of the evidence [3] and that the failure to conduct a pre-trial lineup was prejudicial to defendant.

After a careful review of the evidence, we reject both contentions. Because of the guilty verdict, we are

---

1. A handwriting expert testified that the signature of Richard Hopkins on the account card was in defendant's handwriting.

2. At this time, defendant was observed by the same teller and other bank employees.

3. Defendant's reliance on conflicts in the testimony of witnesses is misplaced, since it is for the jury to reconcile conflicts in the testimony as well as to determine the credibility of the witnesses. See United States v. Barber, 442 F.2d 517, 522 (3d Cir. 1971).

required to take the view of the evidence which is most favorable to the Government, see United States v. Carlson, 359 F.2d 592, 597 (3d Cir. 1966), and such view amply supports the verdict.

■ We are persuaded that the rule of United States v. Munroe, 421 F.2d 644, 645 (5th Cir. 1970), and United States v. Ballard, 418 F.2d 325, 327 (9th Cir. 1969), is applicable to the case before us: a witness who has made observations at the time of the crime is not precluded from offering identification testimony at the trial, even though the witness has not participated in an out-of-court lineup prior to trial. Moreover, it is significant that a lineup had not been requested by defendant's counsel prior to trial and that the identification testimony was not objected to at trial.[4]

The judgment and commitment of November 9, 1970, will be affirmed.

4. This court has already made clear that "we * * * think the Supreme Court has already implied that the substitution of lineups for photographic procedures is neither constitutionally required nor mandated under our supervisory power." See United States v. Hall, 437 F.2d 248, 249 (3d Cir. 1971).