UNITED STATES of America

v.

**Samuel RUGGERE, Appellant in No. 17952 and Gerald F. Rohland.**

**Appeal of Anthony FARANO, in No. 17953.**

**Appeal of George CAMPAS, in No. 17954.**

**Nos. 17952–17954.**

United States Court of Appeals, Third Circuit.

Argued Oct. 8, 1971.

Decided Nov. 3, 1971.

Raymond J. Sobota, Wilkes-Barre, Pa., for appellant in No. 17952.

Howard A. Berman, Wilkes-Barre, Pa., for appellant in No. 17953.

Daniel F. Daley, Hourigan, Kluger & Spohrer, Wilkes-Barre, Pa., for appellant in No. 17954.

Julius Altman, Asst. U. S. Atty., Scranton, Pa. (S. John Cottone, U. S. Atty., Scranton, Pa., on the brief), for appellee.

Before KALODNER, STALEY and ADAMS, Circuit Judges.

## OPINION OF THE COURT

**PER CURIAM:**

Samuel Ruggere, Anthony Farano, Gerald Rohland, and George Campas were indicted jointly on two counts—the first for conspiracy in violation of 18 U.S.C. § 371, and the second for theft of an interstate shipment of freight in violation of 18 U.S.C. § 659 and 18 U.S.C. § 2. The charges against Rohland were severed because of his illness. A jury acquitted the remaining three defendants of the substantive charge but convicted them on the conspiracy count.

The three convicted defendants appeal on the ground that the evidence presented by the government was insufficient as a matter of law. In addition, Farano argues that a portion of the trial judge's charge was not supported by the evidence and was so prejudicial that he should be granted a new trial even if we find the evidence sufficient to convict him.

Taking the view of the evidence most favorable to the prosecution, as we must, Noto v. United States, 367 U.S. 290, 297, 81 S.Ct. 1517, 6 L.Ed.2d 836 (1961), United States v. Hill, 449 F.2d 743 (3d Cir., 1971), the government proved that on April 14, 1967, the American Tobacco Company shipped 700 cases of Pall Mall cigarettes and 100 cases of Lucky Strike cigarettes from Richmond, Virginia to Scranton, Pennsylvania. The trailer containing the cigarettes was left at Hall's Motor Transit Company on April 15, 1967. At some time between the 15th and 17th of April the trailer was stolen and all the cigarettes in it were removed.

Shortly after midnight on the morning of April 16th, Campas and three other men approached Edward Sallurday in the tavern owned by Sallurday's wife. Campas told him that he "had a big deal going," and during the conversation indicated to Sallurday that the deal concerned cigarettes worth about $100,000, the approximate value of the stolen cigarettes.

On April 16th, the defendants Campas and Ruggere rented a 16-foot U-Haul truck from William Bojlek for local delivery purposes. This truck was later discovered containing 190 cases of the stolen cigarettes.

A second U-Haul truck was rented from the agency of George Laskaris. Mr. Laskaris testified that the four defendants approached him on the morning of April 16th to rent a truck, but because they had no cash to leave as a deposit they did not rent it at that time. Instead, they returned later in the day with the necessary cash deposit in the form of a $100 bill. Farano and Ruggere were arrested on April 18th in this truck while returning from New York. 221 cases of the stolen cigarettes were recovered in Brooklyn, New York on April 20th.

The testimony of Stanley Gablick, Jr., directly implicated Farano in the conspiracy. On April 16th, Farano approached Gablick and offered to sell him 700 cases of Pall Mall cigarettes and 100 cases of Lucky Strike cigarettes at $90 per case. The offered quantity corresponds precisely with the number of cases stolen from the interstate shipment. Gablick bought three cases of Pall Mall and three of Lucky Strike, paying $540 in cash—five $100 bills and two $20 bills.

■ It is apparent that the jury could reasonably have drawn the inference from the facts stated above and other corroborating evidence introduced at the trial that Campas, Ruggere, and Farano were involved in the conspiracy charged in the indictment.

■ Farano's argument, which applies to his appeal alone, is that he was prejudiced when the judge charged the jury on the inference which they might draw from Farano's possession of recently stolen goods.[1] Three points should be noted in this regard. First, the portion of the charge in question related to the substantive count of the indictment, the count on which Farano was ultimately acquitted. Second, the jury could reasonably have inferred from the testimony that the cigarettes which Farano sold to Gablick were, in fact, a portion of the stolen shipment.

Third, the trial court explicitly stated to the jury that the inference could be drawn only if the jury were convinced beyond a reasonable doubt that the cigarettes had been a part of the stolen goods. In this context, we cannot say that the charge given improperly prejudiced Farano.

In light of the foregoing, the judgments of conviction will be affirmed.

---

1. Members of the Jury, another factor that is to be considered by you, but in this instance, however, it is only as against the defendant, Farano, and that is there is a rule of evidence or rule of law concerning anyone who has possession of property recently stolen. Possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which a jury may reasonably draw the inference and find in the light of surrounding circumstances shown by the evidence in the case that the person in possession knew the property had been stolen, and possession of property recently stolen, if not satisfactorily explained, is also ordinarily a circumstance from which the jury may reasonably draw the inference and find in the light of surrounding circumstances shown by the evidence in the case that the person in possession knew it was stolen property but also participated in some way in the theft of the property. \* \* \* *If the Jury should find beyond a reasonable doubt from the evidence in this case that the cigarettes described in the indictment was [sic] stolen and that while recently stolen the property was in the possession of the defendant Farano, the Jury would be justified ordinarily in drawing from these facts the inference not only that the cigarettes were possessed by the defendant Farano with knowledge that they had been stolen, but also that the defendant Farano participated in some way in the theft of the property \* \* \* "* (emphasis added).