Phillip SEWELL, Gordon Sewell and Nona Sewell, his wife, Samantha Nichols, by R.M. Nichols, Plaintiffs,

v.

Merrill DEVER, Individually and as Chief of the Police Department of the Township of Millcreek; Peter Bricker, Individually and as Millcreek Township Supervisor; Arthur Detisch, Individually and as Millcreek Township Supervisor; Unknown Defendants, Certain Designated Persons who at this time are unknown but were present at or about 10:00 P.M. until 12:00 Midnight on August 28, 1982 at the Millcreek Municipal Building; Henry Miraldi, Individually and as a Police Officer and Detective in the Millcreek Township Police Department; The Township of Millcreek, Defendants.

Civil Action No. 83–0060 Erie.

United States District Court,
W.D. Pennsylvania.

March 1, 1984.

John E. Cooper, Erie, Pa., Douglas Painter, Cleveland, Ohio, for plaintiffs.

Ted Padden, Charles K. Moffatt, Erie, Pa., for defendants.

## MEMORANDUM OPINION

MENCER, District Judge.

This is an action for relief under the Civil Rights Act of 1871, 42 U.S.C. § 1983, for alleged constitutional deprivations. The court has before it cross motions for summary judgment and plaintiffs' motion to strike the affidavit of Michael J. Veshecco. In addition to the motions, the parties have submitted affidavits and briefs in support of their respective positions and the depositions of the major witnesses are on file with the court.

The events which resulted in the filing of this lawsuit took place on the evening of August 28 and early morning hours of August 29, 1982. At about 8:00 p.m. on the 28th, Phillip Sewell and Samantha Nichols were shopping in the Millcreek Mall when they were approached by Henry Miraldi, a police officer with the Millcreek Township Police Department who was working at the time as a mall security guard. Phillip was stopped because of Officer Miraldi's belief that he resembled the description Miraldi had been given of an armed robber who was still at large in the community. He was questioned briefly at the mall and then transported to the Millcreek police station where he was detained for a couple of hours. Sometime around midnight, after Phillip's parents were contacted and arrived at the station, he and Nichols left the station with his parents and returned to their homes. Officer Miraldi met the Sewells at their home and conducted a search with the Sewell's consent for clothing and a gun similar to that used in the robbery. He left taking some articles of clothing. None of the guns at the Sewell home matched the description of the gun used in the robbery. No charges were filed against Phillip. He was 18 at the time of this incident.

*Motion to strike affidavit of Michael J. Veshecco*

■ The plaintiffs have moved to strike the affidavit of Michael J. Veshecco submitted by defendants in support of their motion for summary judgment. The plaintiffs claim the affidavit is in violation of Rule 56(e) of the Federal Rules of Civil Procedure because it is not made on personal knowledge. The motion will be denied. Supporting affidavits must be made on personal knowledge in order to avoid a motion to strike. *See* Fed.R.Civ.P. 56(e). Veshecco's affidavit meets this requirement. He is the Erie County district attorney and was called by Officer Miraldi for an opinion whether probable cause existed to arrest and search Phillip Sewell. The affidavit sets out the facts Veshecco had available to him at the time he expressed the opinion that probable cause existed both to arrest and search Phillip. The affidavit proves nothing other than the fact that Veshecco was asked to give an opinion based on some known facts and that he gave one and, thus, may be of little value to the defendants' case. It does, however, suffice to avoid this motion to strike.

*Motions for summary judgment*

*Officer Miraldi*

A. Unreasonable search

The plaintiffs' complaint, despite its incantation of numerous alleged constitutional violations, must be read as a claim under the fourth amendment, as incorporated through the due process clause of the fourteenth amendment, for unreasonable search and seizure. *E.g., Wolf v. Colorado*, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949).[1]

■ The acts complained of are alleged to have been "willful wanton and malicious" and in "wreckless (sic) disregard" of plaintiffs' constitutional rights. Section 1983, however, affords a civil remedy for deprivations of federally protected rights caused by persons acting under color of state law without stating a requirement of a particular state of mind of the actor. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Our inquiry here, as in all § 1983 actions, must focus initially on two essential elements: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Id.* at 535, 101 S.Ct. at 1912. The alleged conduct by

---

**1.** Claims under the eighth amendment for cruel and unusual punishment are limited to instances of punishment after a lawful conviction. *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 401, 51 L.Ed.2d 711 (1977). *See also Bell v. Wolfish*, 441 U.S. 520, 535–36, 99 S.Ct. 1861, 1871–72, 60 L.Ed.2d 447 (1979) (detainee may not be punished prior to adjudication of guilt in accordance with due process).

Officer Miraldi satisfies the first of these two elements. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), *rev'd on other grounds, Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The proper focus of inquiry here must therefore be whether Officer Miraldi deprived the plaintiffs of their right to be free from unreasonable searches and seizures. *Parratt*, 451 U.S. at 536, 101 S.Ct. at 1913.

■ There can be little doubt that Phillip was seized by Officer Miraldi within the meaning of the Constitution when he was stopped, asked to reveal his identity, placed in a Township police cruiser and transported to the police station in the company of Officer Miraldi. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The defendants contend that he accompanied the officer voluntarily and that, as a result, no arrest or seizure was effectuated. We find that given the totality of all the circumstances, including Sewell's age and lack of experience in dealing with law enforcement officials, he did not go to the Millcreek police station voluntarily. *United States v. Mendenhall*, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). The issue is thus reduced to whether the seizure of Phillip Sewell was unreasonable.

■ The fourth amendment does not require a warrant to make a valid arrest for a felony. *United States v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). Warrantless arrests must, however, be supported by probable cause, *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), and, an arrest without probable cause is a constitutional violation actionable under § 1983. *Patzig v. O'Neil*, 577 F.2d 841, 848 (1978).

■ "Probable cause exists where 'the facts and circumstances within their [the officers'] knowledge, and of which they had reasonably trustworthy information, [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Brinegar v. United States*, 338 U.S. 160,

175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949), quoting *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925). The United States Court of Appeals for the Third Circuit has ruled that the question of probable cause in a § 1983 damage suit is one for the jury. *Patzig*, 577 F.2d at 848. *Cf. Jones v. Waters*, 570 F.Supp. 1292 (E.D.Pa.1983) (undisputed affidavits in support of motion for summary judgment so clearly establish probable cause that no reasonable jury could conclude otherwise). This case must go to a jury on the issue of probable cause. The facts now in the record do not "so clearly establish probable cause" that a jury could not reasonably find it lacking; in fact, the record indicates that Officer Miraldi was sufficiently uncertain of the strength of his position to call the Erie County district attorney for an opinion regarding probable cause after he had detained Phillip Sewell. We also find that the facts necessary to prove the plaintiffs' state law claims are sufficiently similar to those necessary to prove a violation of the fourth amendment to warrant this court hearing them under our pendent jurisdiction.

B. Qualified immunity

■ The defendants contend that regardless of how the activities of Officer Miraldi are labeled he is, nevertheless, entitled to immunity from liability because of his good faith in undertaking the detention of Phillip Sewell. The Supreme Court has recognized that the defense of good faith and probable cause is available to police officers in an action under § 1983 in some circumstances. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The scope of this qualified immunity was examined further in *Procunier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978). There the defense was deemed unavailable if the defendant "knew or should have known" the action would violate the constitutional rights of the plaintiff, or "if he took the action with the malicious intention to cause a deprivation of constitutional rights." *Procunier*, 434

U.S. at 562, 98 S.Ct. at 859, quoting *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1000–01, 43 L.Ed.2d 214 (1975). The immunity defense was found to be unavailing to defendants in § 1983 actions under the first part of this test "if the constitutional right allegedly infringed by them was clearly established at the time of their challenged conduct, if they knew or should have known of that right, and if they knew or should have known that their conduct violated the constitutional norm." *Procunier,* 434 U.S. at 562, 98 S.Ct. at 859. We find, as a matter of law, that the requirement of probable cause for a warrantless arrest is clearly established and that a police officer should be aware of that requirement, therefore, if the jury finds probable cause for the arrest of Philip Sewell lacking, the immunity defense will be unavailable to Officer Miraldi. *Harlow v. Fitzgerald,* 457 U.S. 800, 818–19, 102 S.Ct. 2727, 2738–39, 73 L.Ed.2d 396 (1982).[2]

Denying the applicability of the qualified immunity defense in this instance does not remove all room for error in the often difficult decisions facing police officers contemplating the arrest of a suspect; as noted earlier, the reasonableness of Officer Miraldi's actions is still a question for the jury. If the arrest is found to have been with probable cause, the result is a defense verdict; if the arrest was without probable cause it was in violation of the clearly established requirements of the fourth amendment.

### C. Unreasonable search

 The plaintiffs also allege that the consent they provided Officer Miraldi to search for items resembling those worn or used by the robber was obtained by false representations and therefore is in violation of their right to be free from unreasonable searches. The validity of consent searches is normally determined by a voluntariness test based on the totality of circumstances at the time of the granting of the consent. *Schneckloth v. Busta-*

*monte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The specific holding of that decision is limited to situations where the subject of the search is not in custody, *Id.* at 248, 93 S.Ct. at 2058, however, the fact that the subject is in custody alone is not enough to demonstrate a coerced consent to search. *Watson,* 423 U.S. at 424, 96 S.Ct. at 828. We are satisfied here that under the totality of the circumstances present at the time Phillip and his father Gordon Sewell executed the consent to search forms their consent was voluntary. Phillip had been given his Miranda warnings twice before the consents were signed, he was a high school graduate of at-least average intelligence and could be expected to understand the rights read to him, there is no evidence of any threats or intimidation of Phillip or his father, both Sewells signed consent forms which set out the rights they were surrendering and the father and son were together at the time they signed the forms. Further, we do not believe it beneficial in this instance to draw a distinction between Officer Miraldi's alleged statement that he "could obtain a search warrant with a telephone call" and the perhaps more technically correct statement that he could attempt to obtain a search warrant if the Sewells did not consent to the search. *See generally* 2 W. LaFave, Search and Seizure § 8.2(c) (1978) (discussing the distinction between threat to *seek* and threat to *obtain* a search warrant as affecting validity). We find the search was incident to valid consent.

### *Chief Dever, Supervisors Bricker, Detisch and Martin*

The complaint also sets out alternative allegations against Chief Dever and the township supervisors of negligence in hiring, failing to adequately train and supervise and failing to discharge Officer Miraldi, or of intentional and reckless failure to exercise supervision and restraint over Officer Miraldi. It claims the failure is the result of a township policy or custom.

---

**2.** *Harlow* was a *Bivens-*type action against federal officials, however, the Court strongly inferred its applicability to § 1983 actions. *See Harlow,* 457 U.S. at 818 n. 30, 102 S.Ct. at 2738 n. 30.

This portion of the lawsuit is, in effect, also a claim against the Township of Millcreek. Local governing bodies can be sued directly under § 1983, *Monell*, 436 U.S. at 690, 98 S.Ct. at 2035, however, a "municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691, 98 S.Ct. at 2036. Liability therefore must be based on more than the mere right to control employees; there must be a causal connection between these officials' actions and Officer Miraldi's alleged unconstitutional activity. *See Black v. Stephens*, 662 F.2d 181, 191 (3d Cir.1981). This causal connection is measured by focusing on the degree of participation by the officials in a "pattern of violation by virtue of knowledge, acquiescence, support and encouragement." *Commonwealth of Pennsylvania v. Porter*, 659 F.2d 306, 321 (3d Cir.1981), citing *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

A heightened degree of culpability has been demanded in cases where plaintiffs have sought to hold a municipality liable in a civil rights action alleging a constitutional violation which resulted from a failure to properly train or supervise police officers. *Lanquirand v. Hayden*, 717 F.2d 220 (5th Cir.1983); *Lenard v. Argento*, 699 F.2d 874 (7th Cir.1983); *Owens v. Haas*, 601 F.2d 1242 (2d Cir.1979). *See also Leite v. City of Providence*, 463 F.Supp. 585, 591 (D.R.I.1978) (training must be nonexistent or reckless, or grossly, palpably and culpably negligent). The evidence submitted does not approach a showing of such culpable conduct on the part of township officials. The deposition testimony reveals the attempts made by the township officials to hire qualified officers and afford them proper training, including complete background investigations before hiring, attendance by Millcreek police candidates at the Pennsylvania State Police Academy training course and supplying officers with required reading materials on new developments in the area of law enforcement. Summary judgment will be granted for Chief Dever and the township supervisors in their official capacity and for the Township of Millcreek.

The evidence shows that Chief Dever and the township supervisors did not have any actual participation in the alleged unconstitutional activities of Officer Miraldi. Summary judgment will also be granted for those defendants in their individual capacity.

*Summary*

The sole civil rights issue which remains is the question whether probable cause existed for Officer Miraldi to arrest Phillip Sewell on August 28, 1982 in the Millcreek Mall. The court will enter an order denying the plaintiffs' motion to strike and motion for summary judgment; summary judgment will be entered for Chief Dever and the township supervisors, in both their official and individual capacities, on all counts. Summary judgment will also be entered for the Township of Millcreek.