**Gary WILLIAMS**

v.

**Detective Michael TANSEY and Detective William Boogley.**

**Civ. A. No. 84–3437.**

United States District Court,
E.D. Pennsylvania.

June 20, 1985.

Robert P. Coleman, Philadelphia, Pa., for plaintiff.

Linda L. Shafer, Philadelphia, Pa., for defendants.

## OPINION

LUONGO, Chief Judge.

Plaintiff in this civil rights action alleges that defendants conspired to have him unjustly arrested and convicted because he is black and his wife is white. I have already dismissed the complaint as to all defendants except Lower Merion Township Detectives Michael Tansey and William Boogley. Defendants Tansey and Boogley have now filed a motion to dismiss the complaint for failure to state a claim under 42 U.S.C. § 1983.[1]

Plaintiff's *pro se* complaint outlines a history of harassment by Philadelphia police, who he claims are prejudiced against him because of his interracial marriage. The alleged conspiracy against him culminated in his arrest and conviction for the robbery of a Wawa store in Lower Merion Township. The complaint charges that two Philadelphia policemen identified him as a suspect even though he did not fit the victims' description of the robber. Detectives Tansey and Boogley then participated in arresting him and searching his house without a warrant. Plaintiff claims they took his wife's gun and purse without permission, refused his request to be placed in a lineup, failed to read him his rights at time of arrest and conspired to obstruct justice and frame him for the robbery.

In considering defendants' motion to dismiss, I must accept as true the facts alleged in plaintiff's complaint. The complaint will be dismissed "only if it appears 'beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir.1981) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972)). Moreover, because the complaint is *pro se*, its sufficiency must be judged by standards less stringent than those established for pleadings drafted by experienced attorneys. *Haines*, 404 U.S. at 520, 92 S.Ct. at 595; *Milhouse*, 652 F.2d at 373; *Ricketts v. Derello*, 574 F.Supp. 645, 646 (E.D.Pa.1983).

In support of their motion to dismiss, defendants first deny that plaintiff was arrested without a warrant. A copy of the warrant pursuant to which plaintiff was arrested is attached to their memorandum. Although such evidence might persuade me to grant a motion for summary judgment, I cannot consider it in connection

---

1. Defendants' motion, captioned "Motion to Dismiss Plaintiff's Complaint," states that the complaint should be dismissed because it fails to state a cause of action. Their memorandum of law, however, purports to be "in Support of [Defendants'] Motion for Summary Judgment," and includes documentary support for their arguments. All other submissions by both parties have treated defendants' motion as a motion to dismiss. If defendants intended to move for summary judgment, their moving papers do not sufficiently apprise plaintiff of that fact. I will treat defendants' motion as one to dismiss the complaint, and will not consider matters outside the pleadings. *See* Fed.R.Civ.P. 12(b); *Biesenbach v. Guenther*, 588 F.2d 400, 402 (3d Cir. 1978).

with a motion to dismiss. I construe the complaint as alleging that plaintiff was arrested without probable cause and for reasons of personal animosity. Such allegations state a claim under § 1983. *Losch v. Borough of Parkesburg*, 736 F.2d 903, 907 (3d Cir.1984); *Patzig v. O'Neil*, 577 F.2d 841, 848 (3d Cir.1978); *Sewell v. Dever*, 581 F.Supp. 556, 559 (W.D.Pa.1984).

Defendants also claim that they cannot be held liable for searching plaintiff's home without a warrant. First, they state that the search was a valid search incident to arrest. Second, they invoke the defense of qualified immunity, alleging that they acted in good faith. Finally, they deny having personally participated in the search.

■ Defendants' arguments raise questions of fact, which cannot be disposed of on a motion to dismiss. *See Klitzman, Klitzman & Gallagher v. Krut*, 591 F.Supp. 258, 262–63 (D.N.J.), *aff'd*, 744 F.2d 955 (3d Cir.1984). In particular, qualified immunity is an affirmative defense which defendants must plead. *Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396 (1982); *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Fidtler v. Rundle*, 497 F.2d 794, 801 (3d Cir.1974) (issue of good faith cannot be determined on a motion to dismiss). Plaintiff's allegation that defendants participated in a warrantless search of his home and seizure of his property states a claim under § 1983. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), *overruled on other grounds, Monell v. Department of Social Services of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir.1976). *See also Klitzman*, 591 F.Supp. 258, 262–63 (D.N.J.), *aff'd* 744 F.2d 955 (3d Cir.1984).

■ Defendants have also challenged plaintiff's claim that they failed to read him his rights at time of arrest and denied his request for a lineup. A claim under § 1983 must be based on deprivation of a constitutional or other federal right. *E.g., Martinez v. California*, 444 U.S. 277, 284, 100 S.Ct. 553, 558, 62 L.Ed.2d 481 (1980); *Robb*

*v. City of Philadelphia*, 733 F.2d 286 (3d Cir.1984). The United States Supreme Court has recently reaffirmed that the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), are "not themselves rights protected by the Constitution but [are] instead measures to insure that the right against compulsory self-incrimination [is] protected." *Oregon v. Elstad*, —— U.S. ——, ——, 105 S.Ct. 1285, 1291, 84 L.Ed.2d 222 (1985) (quoting *New York v. Quarles*, —— U.S. ——, ——, 104 S.Ct. 2626, 2631, 81 L.Ed.2d 550 (1984)). Failure to give *Miranda* warnings does not, therefore, subject a police officer to § 1983 liability. *E.g., Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir.1976); *Chrisco v. Shafran*, 507 F.Supp. 1312, 1317 (D.Del.1981). A suspect also has no constitutional right to a lineup. *E.g., Code v. Montgomery*, 725 F.2d 1316, 1320 & n. 4 (11th Cir.1984); *United States v. Brown*, 699 F.2d 585, 593 (2d Cir.1983); *United States v. Hall*, 437 F.2d 248, 249 (3d Cir.), *cert. denied*, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971); *United States v. Prescott*, 480 F.Supp. 554, 561 (W.D.Pa. 1979). Assuming that Detectives Tansey and Boogley denied plaintiff's request for a lineup, their conduct is not actionable under § 1983.

■ Finally, defendants argue that plaintiff cannot assert a § 1983 claim against them for their alleged giving of perjured testimony at plaintiff's criminal trial. Although I do not believe plaintiff's complaint charges these particular defendants with such conduct, it does charge them with conspiring to have plaintiff wrongfully convicted. Plaintiff claims that certain other defendants, pursuant to the alleged conspiracy, testified falsely against him. I have already dismissed the complaint as to those defendants, Philadelphia police officers Amodio and Aitkin, on the ground that § 1983 does not create a damages remedy against police officers for their testimony as witnesses. *See Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). The claim that defendants Tansey and Boogley were part of a conspiracy to present false testimony against plaintiff must be dismissed on the same ground.

The claim that the moving defendants were part of a conspiracy to frame plaintiff also falls on other grounds. In dismissing plaintiff's complaint as to certain other defendants I stated that, "other than alleging that they conspired to deprive him of his constitutional and civil rights, plaintiff states no facts to support his conclusory statements of conspiracy." *Williams v. Tansey*, No. 84–3437, slip op. at 2 (Aug. 9, 1984) (citing *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir.1981)). The conspiracy claim against Tansey and Boogley is also too general and conclusory to state a cause of action.

In conclusion, plaintiff's complaint states a claim under § 1983 in that it charges defendants Tansey and Boogley with participating in an unlawful arrest and search. Defendants' alleged failure to read plaintiff his rights and refusal of his request for a lineup are not actionable under § 1983 and the complaint is insufficient with respect to the conspiracy claim. Defendants' motion to dismiss the complaint will be denied in part and granted in part.